Haywood, J.
This is an appeal in the nature of a writ of error. And on the record the question is raised whether Beíl and wife can sue as executors, for moneys due to the testator Goodwin, and received by the defendant after his death, for the hire of negroes after his death. He left his widow executrix, who married Bell. David had acted for her, and is charged to have received moneys for her as executrix, in the management of her affairs. Supposing moneys due to the testator to have been collected by David, as agent of the executrix, Mrs. Goodwin, the action may be maintained describing her as executrix, and when recovered, they will be assets, and may be considered at her election as received to her use, in her own proper right, she being personally answerable over for the same. But the defendant in such action may consider the transaction independently of her character as .executrix, and may set off against her in such action, any just demand. Any charge, however, of the Circuit Court to the contrary, is not to be regarded as this case is circumstanced, since the jury have not proceeded upon the ground that the action is not a proper one, nor have rejected the set-off he claimed.
As to the hire of the negroes, if by election to take them as *107 legatee, she had become the proprietor before their hire, then the hire was due to her, not in the character of executrix, but in her own proper right, and the action could not he supported as executrix, without prejudice to her creditors. On this article the charge is incorrect, because the proper inquiry was not whether she had elected when she took possession, hut whether she had elected before the hire for which the moneys were due. By inspection of the record, however, it does not appear that she has recovered on this ground, but it rather appears that she has recovered for the moneys due to the testator, and paid to the defendant. We cannot perceive that the event of this cause is not agreeable to the merits, nor that she has recover'd upon an improper count. No other advantage could be reaped by remanding the cause, but a direction to inquire of the assent of the executrix to the legacy, and whether it preceded the hire or not, and as that might eventually make the set-off of the defendant to be deducted from the money part of the demand, and not from the hire, which is the most appropriate fund, it seems better to follow the Act of 1809, ch. 126, and to say that as the justice of the case has been attained, we will not set aside the judgment. And this is acceded to with the more satisfaction, as the money which could be recovered in a new action, whether adjudged to her as executrix, or in jure proprio, would go into the same • hand; deductions would be made from the sum demanded, as they were in this action; the balance to be recovered would be to the same amount, go into the same hands, and be applied to the same uses, as it now is by the present recovery.
Judge BROWN was of a different opinion, but was glad of the decision made by the majority of the Court, as it did substantial justice, and put an' end to further litigation.
Judgment affirmed.